UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAMON KETCHENS,

Petitioner,

v.

MARTY C. ANDERSON, Warden,

Respondent.

Civil No. 01-1940 (JRT/ESS)

**ORDER**

Petitioner, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, ("FCI-Sandstone"), has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that his federal constitutional rights were violated when prison officials disciplined him for his alleged role in a prison altercation. Evidently, Petitioner spent a relatively short time (no more than 30 days) in segregated confinement as a result of his disciplinary proceedings. There is no indication that the length of Petitioner's sentence has been directly affected by the disciplinary sanctions at issue.

Although Petitioner has attempted to bring his claims under the federal habeas corpus statutes, those statutes do not provide an appropriate remedy for the type of claims that he is asserting. The federal habeas corpus statutes provide a remedy only for prisoners who are challenging the fact or duration of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of

FILED OCT 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

> habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

In this case, Petitioner is not challenging the validity of his conviction or sentence, nor is he otherwise challenging the duration of his confinement. Therefore, the remedy provided by the federal habeas corpus statutes is simply not available here. Petitioner's current claims -- challenging the conditions of his confinement, rather than the fact or duration of his confinement -- cannot be entertained in an action brought under 28 U.S.C. § 2241, or any other habeas corpus statute.

This is not to say that there are no legal remedies of any kind for the claims that Petitioner is attempting to assert. If he believes that his rights under federal law or the Constitution have been violated, he may be entitled to seek relief in a traditional civil action -- i.e., a non-habeas action. In particular, he might be able to bring a civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Under different circumstances, moreover, it might even be possible to construe Petitioner's habeas corpus petition as a civil complaint seeking some other (non-habeas) form of relief. See e.g., Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991). It would not be appropriate to attempt to do that here, however, for two reasons.

First, Petitioner has not paid the proper filing fee for a non-habeas civil action. While the filing fee for a § 2241 habeas petition is only $5, the filing fee for a non-habeas civil action is $150. 28 U.S.C. § 1914(a).[1] Furthermore, the $5 habeas corpus fee will be

---

[1] Petitioner cannot be excused from paying the $150 filing fee merely by calling his pleading a habeas corpus petition; otherwise any prisoner could simply submit his civil

waived where a prisoner applies for, and is granted, leave to proceed in forma pauperis, ("IFP"); but the $150 filing fee for a non-habeas action is not waived even if a prisoner is granted IFP status. In a non-habeas case, a prisoner who is granted IFP status is allowed to pay the filing fee in installments, but the fee is not waived altogether. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [Prison Litigation Reform Act of 1995] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). In non-habeas cases, 28 U.S.C. § 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff has filed an IFP application that includes a certified statement pertaining to his inmate trust account, as required by § 1915(a)(2). The certified statement shows that Petitioner's average monthly deposit during the preceding six months was $178.47, and his average monthly balance during the same period also was $178.47. Because the average monthly deposit amount and the average monthly balance amount are the same, Plaintiff's initial partial filing fee will be twenty percent (20%) of that amount; i.e., $35.69, ($178.47 x 20% = $35.69).

Thus, pursuant to § 1915(b)(1), Plaintiff will have to pay $35.69 as an initial partial filing fee before he will be allowed to pursue his current claims in a non-habeas civil action.

---

rights claims on a habeas petition and pay only a $5 filing fee, and then wait for the court to construe his "petition" to be a civil complaint. The $150 filing fee prescribed by Congress for non-habeas civil actions cannot be so easily circumvented.

The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

The second reason Petitioner's habeas petition cannot be construed as a civil rights complaint is because it is not clear that the respondent named in Petitioner's current submissions -- Marty C. Anderson -- would necessarily be the proper defendant in any non-habeas action that Petitioner might attempt to maintain. As the warden at FCI-Sandstone, Anderson would be the proper respondent if this were a true habeas case, but someone else might be the proper defendant(s) in any civil rights action that Petitioner might try to maintain. Beyond that, it is not clear what type of claims Petitioner might attempt to bring against whoever he might choose to name as defendant(s) in a civil complaint.

Because Petitioner has not satisfied the filing fee requirements for a non-habeas civil action, and his current pleading does not clearly identify any civil (non-habeas) claims or who allegedly should be liable for such claims, it would not be appropriate for the Court, acting sua sponte, to "convert" Petitioner's current habeas petition into a non-habeas civil complaint. Instead, the petition will be returned to Petitioner pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases In The United States District Court,[2] and Petitioner will be granted leave to file an entirely new pleading to be entitled "Civil Complaint."

---

[2] Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to other post-conviction proceedings as well. See Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

If Plaintiff elects to file a civil complaint he will have to follow the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11, and he will have to submit his pleading on the complaint form prescribed for prisoner civil rights actions filed in this district. See Local Rule 9.3. As previously noted, Petitioner will also be required to pay an initial partial filing fee of $35.69, pursuant to 28 U.S.C. § 1915(b)(1).

If Petitioner elects to proceed with this action, he must satisfy the foregoing requirements by no later than November 30, 2001. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Finally, Petitioner should note that if he does file a new civil complaint, his pleading will be screened pursuant to 28 U.S.C. § 1915A. If the Court finds that Petitioner has failed to state a claim on which relief can be granted, his case will be summarily dismissed pursuant to § 1915A(b)(1).[3]

Based upon all of the files, records and proceedings herein,

---

[3] At this point, of course, it cannot be determined whether Petitioner might be able to submit a viable civil complaint. Petitioner should note, however, that if he does attempt to pursue his current claims in a civil rights action, his complaint will be examined in light of the principles discussed in Sandin v. Conner, 515 U.S. 472 (1995). There, the Supreme Court held that a prisoner cannot maintain a due process claim, based on the alleged deprivation of a constitutionally protected liberty interest, unless he can prove that he has suffered an "atypical and unusual hardship" "in relation to the ordinary incidents of prison life." Id. at 483. An assignment to segregated confinement, without more, is not the type of hardship that can serve as the basis for a due process claim.

Petitioner should study Sandin and its progeny carefully before he commits himself to spending $150 to pursue this matter. Nothing in Petitioner's current petition suggests that he has any basis for bringing a due process claim against anyone. Based on what he has submitted so far, it seems virtually certain that he will not be able to plead any civil rights claim that could survive the initial screening mandated by § 1915A(a).

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition to Petitioner, and retain a copy of it in the Court file;

2. Petitioner is granted leave to file a new pleading in this action, to be entitled "Civil Complaint," which shall comply with the pleading requirements prescribed at Fed. R. Civ. P. Rules 8-11 and Local Rule 9.3.

3. If Petitioner elects to file a Civil Complaint in this action, his new pleading must be accompanied by an initial partial filing fee of $35.69; and

4. If Petitioner has not satisfied all of the requirements of this order by November 30, 2001, it will thereafter be recommended that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: October 26, 2001

E.S. Swearingen

E.S. SWEARINGEN
United States Magistrate Judge